## THE DANVILLE SEMINARY

*v.*

## LAURA D. MOTT *et al.*

*Filed at Springfield January 21, 1891.*

1. CONSIDERATION—*deed to children of grantor*—*natural love and affection.* A deed from a mother, of a part interest in land, to her two daughters, will not be held colorable, only, because no money consideration was paid, natural affection being a good consideration, in the absence of proof of any arrangement by which the grantees were to hold the title conveyed to them, in trust for the grantor.

2. TENANCY IN COMMON—*how created*—*out of an estate in severalty.* A tenancy in common may arise out of what was before an estate in severalty, by a grant of an undivided part thereof to another, by virtue of which the grantor and grantee will become co-tenants with each other.

3. SAME—*and herein, as to the right to partition.* So where the owner of a tract of land, by way of gift, conveys an undivided one-third part thereof to her two daughters, they will become tenants in common with the mother, and under the statute will have the right to compel a partition by bill in chancery.

4. CORPORATION—*dissolution*—*as a result of a judgment of forfeiture.* A judgment in a proceeding by *scire facias* by the People, against a corporation, as, a seminary, to the effect that the corporate rights and privileges of the defendant be and they are thereby declared forfeited, together with all its franchises and privileges as a corporation, where there has been no waiver of the forfeiture, will operate to produce a dissolution of the corporation.

5. SAME—*reverter of property donated*—*on dissolution of corporation.* Lands donated to a corporation of learning, as, a seminary, which have not already been properly alienated, will revert to the donor upon the subsequent dissolution of the corporation.

6. SAME—*power to sell and convey*—*to prevent a reverter.* Where a seminary of learning is authorized by its charter to grant, bargain, sell, convey, etc., or otherwise dispose of its property for the use of such institution, in such manner as shall seem most beneficial thereto, this will not authorize a conveyance made without any *bona fide* consideration, and with intent to donate the property sold to a new corporation then or thereafter to be formed, and thus prevent a reverter to the original donor.

7. SAME—*deed by a corporation—its requisites.* A deed of conveyance by a corporation must be executed in the corporate name and under the corporate seal. It may adopt any seal which is convenient for the occasion. It must, however, be shown to have been so adopted, and it must be affixed as the seal of the corporation, and by an officer or agent duly authorized.

APPEAL from the Circuit Court of Vermilion county; the Hon. EDWARD P. VAIL, Judge, presiding.

Mr. J. B. MANN, for the appellant.

Mr. R. D. MCDONALD, and Mr. W. R. LAWRENCE, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This case has been before us before, and is reported as *Mott et al.* v. *The Danville Seminary et al.* 129 Ill. 403. At the former hearing, a demurrer, filed to the bill in the court below, had been sustained, and the bill had been dismissed by the Circuit Court. We thought the demurrer should have been overruled, and accordingly reversed the decree dismissing the bill, and remanded the cause. Upon the reinstatement of the cause, the present appellant, the Danville Seminary, one of the defendants below, filed an answer, and, after hearing had upon bill, answer, replication and proofs, oral and documentary, the Circuit Court has rendered a decree in accordance with the prayer of the bill. From such decree the present appeal is prosecuted. It is now claimed, that the facts set up in the bill, which were admitted to be true by the demurrer upon the former hearing, are disproved by the evidence that has been since introduced, and that, for this reason, the decree is erroneous.

It is averred in the answer, that the deed to the appellees was without consideration, and colorable, and "made for the purpose of conferring a supposed jurisdiction upon this court

of equity." The complainants, who filed the bill in the court below, the appellees here, are Laura D. Mott and May Lamon (or Lemon), the daughters of Melissa B. Lamon (or Lemon), the widow of Joseph B. Lemon. Melissa B., before the filing of the bill, conveyed an undivided one third part of the property in question to her daughters, Laura and May, and the latter make their mother, as well as the Danville Seminary, parties defendant to the present bill for partition. Appellant complains, that the deed was made merely for the purpose of applying for a partition and thereby giving jurisdiction to a court of equity.

In answer to a question by counsel for the Seminary, Mrs. Lemon testified as follows: "Q. How did that deed happen to be made? A. Perhaps because it was putting it in a little different light to the court. * * * Q. By that you mean, so as to allow this kind of a suit to be brought? A. I presume so." This is all the testimony upon the subject. It may be true that, when Mrs. Lemon made the deed, she had in contemplation the beginning of a partition suit. But she did not thereby commit any fraud upon the jurisdiction of the court. It is true that her daughters paid her no money, nor agreed to pay her any money, for the one third interest deeded to them, but natural affection is a good consideration for a deed. She had a right to give her daughters a part of the land, and there is no evidence that the conveyance was not a gift. It is not proven, that the complainants were not the equitable owners, as well as the legal grantees of one third of the land. There is nothing to show, that there was any arrangement by which they were to hold the one third interest in trust for their mother, or to deed it back to her, or to deed back to her the portions to be assigned to them after the termination of the partition suit. Mrs. Lemon filed no answer, but suffered a default, and the court below found the complainants to be the owners, each of one sixth of the land, and appointed commissioners to apportion their interests. By the deed from their

mother they became tenants in common with her, and under
the statute had a right to compel a partition by bill in chan-
cery. (Rev. Stat. chap. 106, sec. 1). "A tenancy in common
* * * may arise out of what was before an estate in sever-
alty * * * by a grant of an undivided part thereof to one
person, by virtue of which the grantor and the grantee would
become co-tenants with each other." (Freeman on Coten. &
Par. sec. 92).

In our opinion the proof shows that the premises were con-
veyed to the Board as a donation, and that the grantors re-
ceived no consideration for the deed.

The next question to be discussed has reference to the con-
veyances, attempted to be made by "The Board of Trustees of
the Danville Seminary" before the judgment was rendered at
the October Term, 1880, of the Circuit Court of Vermilion
County, by which the corporate franchises and privileges of
said Board were forfeited. We do not deem it necessary to
examine the evidence to see whether the old Board was guilty
of such a violation of the provisions of the Act of 1849, or such
a failure to comply with the same, as justified the judgment of
forfeiture. That was a matter to be considered by the Circuit
Court, which rendered the judgment in the *scire facias* proceed-
ing provided for in section 12 of the Act of 1849. That judg-
ment was rendered by a court having jurisdiction of the parties
and the subject matter, and has never been reversed. It is set
forth in the present record, and, by its terms, it is "ordered
and adjudged by the Court that the corporate rights and privi-
leges of said defendant (The Board of Trustees of the Danville
Seminary), be, and they are hereby declared forfeited, together
with all its franchises and privileges as a corporation." Such
a judgment of forfeiture as this, rendered in a proceeding
against the corporation itself, and where there has been no
waiver of the forfeiture, produces a dissolution. (*Nevitt* v.
*Bank of Port Gibson,* 6 Sm. & Mar. 513). The testimony now
in the record sustains the allegation of the bill that, when the

corporation was thus dissolved, it had no creditors and no stockholders.

We have already held, that, under this state of facts, the title to the premises in controversy reverted to Mrs. Lemon, the original grantor, upon the dissolution of the corporation, unless said premises had been previously alienated by the act of the corporation. This view of the law was adopted after careful consideration, and we see no reason for rediscussing it. Was there such an alienation of the property before the judgment of forfeiture as prevented the reverter of the title to the original grantor? Does the testimony now in the record sustain, or disprove, the allegations of the bill in regard to the deeds, introduced by the present appellant for the purpose of showing such an alienation as would defeat the possibility of a reverter?

Those deeds are as follows: A deed, purporting to have been made about July 5, 1877, in consideration of $6000.00, by "The Board of Trustees of the Danville Seminary" conveying the land in question to Edward C. Abdill and James H. Phillips; A deed purporting to have been made on October 13, 1879, in consideration of $1.00, by said Abdill and Phillips and their wives, conveying said land to "The Danville Seminary" of the City of Danville; A deed purporting to have been made on October 13, 1879, by "the Board of Trustees of the Danville Seminary," for a consideration of $1.00, conveying said land to "The Danville Seminary." It will be noted, that "The Board of Trustees of the Danville Seminary" was a corporation organized under the Act of 1849, as set out in *Mott et al.* v. *Danville Seminary et al. supra*, while "The Danville Seminary," the grantee in the two deeds last above named, was a corporation organized on October 11, 1879, under the Act of 1872 concerning corporations not for pecuniary profit.

The Circuit Court, in the decree entered in this cause, has found, as to the deeds purporting to have been made in 1877 and 1879 by "The Board of Trustees of the Danville Sem-

inary," that "said conveyances were not executed by said corporation under, or attested by the corporate seal of said corporation." We think that this finding is fully sustained by the evidence now in the record; and, consequently, the observations made upon this subject in *Mott et al.* v. *Danville Seminary et al.* are still applicable. A deed of conveyance by a corporation must be executed in the corporate name and under the corporate seal. A corporation, like an individual, may adopt any seal which is convenient for the occasion; it must, however, be shown to have been so adopted, and it must be affixed as the seal of the corporation, and by an officer or agent duly authorized. (Martindale on Conveyancing, secs. 191 and 197; 1 Morawetz on Priv. Corp. sec. 339; Ang. & Ames on Corp.—11th ed.—secs. 223, 224, 225).

But independently of the technical question of a seal, the deeds purporting to have been made by the old Board of Trustees were wholly invalid and void, and did not operate to divest the corporation of its title. Section 4 of the Act of 1849 provides, that "any corporation formed in accordance with the provisions of this Act shall be competent in law and equity to take to themselves, in their corporate name, real, personal or mixed property, by gift, grant, bargain and sale, conveyance, will, devise or bequest, of any persons whomsoever, and the same estate to grant, bargain, sell, convey, demise, let, place out at interest or otherwise dispose of the same, for the use of said institution, in such manner as shall seem most beneficial thereto." (Laws of Ill. of 1849, pages 86 and 87). It is manifest from this language, that, if the premises in controversy were sold or conveyed by the old Board, such sale or conveyance could only be made for the use of said institution in such manner as should be most beneficial thereto. If there was a sale, the proceeds of the sale were required, by section 5 of the Act, to be applied "in erecting or completing suitable buildings, supporting necessary officers, instructors and servants, and procuring books, maps, charts, globes and philo-

sophical, chemical and other apparatus necessary to the success of said institution." If there was a conveyance without a sale, the grantee could only hold the title for the use of said institution established under the Act of 1849. The corporation had no power to give away its land, or to convey it away for the use of some other institution than the "Board of Trustees of the Danville Seminary."

From the evidence in this record we are satisfied, that there was no sale of this property to Abdill and Phillips, and that it was not conveyed to them for the use of the "Board of Trustees of the Danville Seminary," but was conveyed to them to be held until a new corporation should be organized to succeed the old Board, and then to be transferred by them to such new corporation; that a new corporation known as "The Danville Seminary," and which is the appellant herein, was organized in October, 1879, under the Act of 1872 as above stated, and that the deeds from Abdill and Phillips, and from the old Board, to appellant were made to carry out the original purpose of the deed to Abdill and Phillips, and for the use, not of the old Board, but of the new corporation, the appellant herein. The new corporation was to succeed the old Board, and it was contemplated, as shown by the testimony of English, the Secretary of the old Board, that the old corporation would go out of existence, or "become inoperative under the law."

The *scire facias* proceeding, entitled "The People of the State of Illinois on the relation of Melissa B. Lemon vs. The Board of Trustees of the Danville Seminary," instituted for the purpose of forfeiting the franchises of said Board, was begun as early as December 1, 1876. The amended writ of *scire facias* was served upon the Secretary of the Board on December 22, 1876. The Board appeared by counsel and, on February 18, 1879, filed a plea or answer to the writ. It thus appears that the deeds of July, 1877, and October, 1879, were made during the pendency of the proceeding to forfeit the charter. English,

who signed the deeds to Abdill and Phillips, as the Secretary of the old Board, says that the Board knew of the pendency of the *scire facias* proceeding when the deeds were made; his testimony shows, that the Trustees were advised of the possibility of a reverter of the title to Mrs. Lemon unless the property should be conveyed away before the judgment of dissolution. The testimony, also, of Abdill and Phillips, the grantees in the deed of 1877, shows that, at that time, they knew of the pendency of the proceeding to forfeit. They were representatives of two of the churches who controlled the old Board of Trustees.

The evidence is conclusive, that the deeds above mentioned were made for the purpose of avoiding, if possible, the effect of the expected judgment of forfeiture. It is said, however, that, even if the deeds *were* executed for such purpose, the old Board had a right to make a *bona fide* sale of its property while the *scire facias* proceeding was pending. If this should be admitted to be true, the contention of the appellant, that there was a *bona fide* sale, is not sustained by the proofs.

It is true, that the deed of July, 1877, recites a consideration of $6000.00, but Abdill and Phillips never paid anything for the property. They gave their note to the Board for $6000.00, but they paid no part of the principal, nor any interest upon the principal. The note was held for two years by the officers of the old Board, and, in 1879, when the appellant corporation was organized, the note was surrendered to Abdill and Phillips, and they deeded the property to appellant. Appellant paid nothing for the property, either to Abdill and Phillips, or to the old Board. Abdill and Phillips paid no taxes upon the land during the two years from July, 1877, to October, 1879, although the property was not exempt from taxation during that period, if it was private property and not Seminary property. They kept none of the rents derived from the premises, but, after paying for repairs and other expenses, turned the balance over to the churches which they represented.

At a meeting held on October 11, 1879, the old Board of Trustees adopted the following resolution: "that upon the delivery by James H. Phillips and E. C. Abdill of a quit-claim deed to the property * * * to "The Danville Seminary," * * * the treasurer of the "Board of Trustees of the Danville Seminary" is hereby authorized to deliver up to said Abdill and Phillips their note for $6000.00, and release them from all obligations incurred by reason of the execution of said note." After the judgment of forfeiture, and on February 14, 1882, Mrs. Lemon filed a bill in said Circuit Court, for the purpose of enforcing her claim to said property, against the present appellant, and one Chilcoat, a tenant of appellant. This proceeding was subsequently abandoned, but appellant filed an answer to the bill therein, and, in said answer, made the following admission: "the said Abdill and Phillips accepted a deed of conveyance for the said real estate and executed their note in payment therefor, *but upon the express condition* and provision, however, that, in case a new corporation should be organized to succeed the said "The Board of Trustees of the Danville Seminary," etc. * * * the said Abdill and Phillips would convey the said real estate to the new corporation upon the surrender to them of the notes aforesaid," etc.

No questions properly arise in the case in regard to *laches* or upon the statute of limitations.

We see no reason for disturbing the decree of the Circuit Court. It is therefore affirmed.

*Decree affirmed.*

Mr. JUSTICE WILKIN took no part in the decision of this case.