JOHN W. TRAINOR

*v.*

ELIZA A. GREENOUGH.

*Filed at Ottawa, Nov. 23, 1892.*

1.  PARTITION—*conveyance of undivided interest—as giving jurisdiction on bill for partition and to remove cloud.*  The holder of the legal title to land in the adverse possession of another person, may, by deed of gift, convey an undivided interest therein to a son, and thereby give the court jurisdiction of a bill for partition, and to set aside the title of the occupant as a cloud upon the title of the tenants in common, although such adverse title is of a purely legal character.

2.  SAME—*removing cloud—on title of joint tenant, tenant in common or parcener.*  Where a defendant in a partition suit has a cloud on the title of the joint tenant, tenant in common or parcener, he, under sec. 39 of the Partition act, is liable to have it set aside whenever the court, at the instance of either of them, shall decree partition between them; and when the defendant's title is set aside as a cloud as to the entire premises, he will have no interest in the partition made between the owners.

3. SAME—*essential allegations and proof.* Sec. 5 of the Partition act requires that the petition for partition of land shall particularly describe the premises and set forth the rights of all parties interested therein, so far as known, including tenants for years, for life, and all persons who, upon any contingency, may be or become entitled to any beneficiary interest in the premises, and pray for the partition of the same. This is all that is required to be alleged and proved. It is not necessary to allege or prove the inability of the tenants in common to agree upon a division.

4. SAME—*motive of petitioner immaterial.* The right to have partition decreed between the owners of land is an absolute right, resulting from the mere existence of the relation of joint tenants, tenants in common, etc. Therefore, the motive that may have moved a party to seek a decree of partition is wholly immaterial.

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. YOUNG, McKEEL & BRADLEY, for the appellant:

The bill was nothing more than a bill to remove a cloud on title, which does not lie against the party in possession. *Gage* v. *Abbott*, 99 Ill. 366; *Hardin* v. *Jones*, 86 id. 313; *Gage* v. *Parker*, 103 id. 528; *Gould* v. *Sternberg*, 105 id. 488; *Oakley* v. *Hurlbut*, 100 id. 204.

Mr. WILLIAM C. NIBLACK, for the appellee:

On bill for partition the court may remove clouds on title held by a defendant. *Henrichsen* v. *Hodgen*, 67 Ill. 179; *Hawes* v. *Walker*, 80 id. 197; *Gage* v. *Lightburn*, 93 id. 248; *Breit* v. *Yeaton*, 101 id. 272; *Flaherty* v. *McCormick*, 113 id. 544; *Danville Seminary* v. *Mott*, 136 id. 289.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Eliza A. Greenough, having the legal title of record to the property in controversy, made a deed to her son, William P. Greenough, of an undivided one-fourth of it. John W. Trainor was in the actual possession of the property, claiming to have a contract for its purchase. The bill was

for the partition of the property and to set aside the claim of Trainor as a cloud upon its title. William P. Greenough and Trainor, and a person with whom Trainor claimed to have made his contract for the purchase of the property, were made defendants. No defense was interposed on the hearing by any one but Trainor, and his defense was overruled by the Superior Court, and a decree was rendered in conformity with the prayer of the bill. Trainor alone appeals to this court; and the only ground urged in the argument by counsel, in his behalf, for a reversal of the decree, is that it was proved, on the hearing, that there was no occasion for a bill for partition, and that the suit was brought for no other purpose than to remove a cloud from the title, whereas, since appellant was in the actual possession of the property, a bill to remove a cloud would not lie, the sole remedy being by an action of ejectment in a court of law.

The evidence relied upon as sustaining this contention is that given by the appellee, William P. Greenough, on his cross-examination, and is as follows:

"Q. Who else has an interest? A. My mother and I own those four lots in undivided interest.

Q. Then the deed from her is an undivided interest? A. Yes, it is an undivided interest in the four lots.

Q. Is it recorded? A. I think it is.

Q. You are on good terms with your mother? A. Yes; have never been otherwise.

Q. Have you made any effort to partition this property between you? Have you had any disagreement about the dividing this property? A. No, sir.

Q. Then you and your mother are in perfect accord about the management of this property? A. Yes, sir.

Q. Also about the management of this suit? A. Yes.

Q. Now this suit is practically brought, as I understand it, to remove the cloud by Mr. Trainor? A. Yes, this

suit is brought to remove the cloud caused by this contract.''

There was precisely the same contention, in principle, against the decree rendered by the Circuit Court in *Mott et al.* v. *Danville Seminary*, 129 Ill. 403. There Melissa B. Lamon conveyed certain real estate to the board of trustees of the Danville Seminary ''for the building and maintaining on said grounds an institution of learning,'' etc. Many years afterwards she made deeds conveying an undivided one-third of the same real estate to each of her daughters, Laura D. Mott and Mary Lamon, and soon thereafter the grantees in these deeds filed their bill in the Circuit Court against Melissa B. Lamon and the Danville Seminary, claiming therein that the conveyance by Melissa B. Lamon to the board of trustees of the Danville Seminary was subject to the conditional limitation that the property should revert to her upon the board of trustees of the Danville Seminary ceasing to use it for the purpose for which it was conveyed; that they had ceased to so use it and abandoned all intention so to do, and praying that the legal title to the property be decreed to be in Melissa B. Lamon and the petitioners, and that partition be made between the petitioners and Melissa B. Lamon. There was no controversy in that case in regard to the partition between Melissa B. Lamon and Laura D. Mott and Mary Lamon, and there was no question of partition between the Danville Seminary and those parties; either it was entitled to all, or its title had ceased to every part and interest, and at most was but colorable. The Danville Seminary demurred to the bill, and the Circuit Court sustained the demurrer. The complainants appealed from that decree to this court, and we reversed this decree of the Circuit Court, holding the bill to be sufficient, and remanded the cause to the Circuit Court for further proceedings consistent with the opinion then filed. *Mott et al.* v. *Danville Seminary et al.*, 129 Ill. 403.

One of the objections urged in the argument of that case in this court by counsel for the Danville Seminary was thus stated: ''A court of equity has no jurisdiction to remove a cloud when the holder thereof is in the adverse possesion of the land, and this rule can not be evaded by proceeding for partition. Partition is not intended as an alternative remedy with ejectment.'' See page 406. And we answered the objection thus: ''This objection is without force, for the reason that the bill in this case is one for the partition of land, and the court gets jurisdiction for the purpose of making partition. Having jurisdiction for this purpose, the court is authorized by our statute (Rev. Stat., ch. 106, sec. 39), to proceed to settle questions of controverted title between the parties, and to vest titles by its decree; it may also remove clouds upon the title to the premises sought to be partitioned, even though the defendants, holding adversely under such clouds, were in possession of the property. *Henrichsen* v. *Hodgen*, 67 Ill. 179; *Gage* v. *Lightburn*, 93 id. 248; *Iberg* v. *Webb*, 96 id. 415; *Gage* v. *Bissell*, 119 id. 298.''

After the case was remanded, the Danville Seminary answered, alleging therein, among other things, that the deed to Laura D. Mott and Mary Lamon was without consideration and colorable, and ''made for the purpose of conferring a supposed jurisdiction upon this court of equity.'' And, upon the hearing, Melissa B. Lamon testified, among other things, as follows:

''Q. How did that deed happen to be made? A. Perhaps because it was putting it in a little different light to the court.'' * * * ''By that you mean so as to allow this kind of a suit to be brought? A. I suppose so.''

The court decreed granting the prayer of the bill, declaring that the Danville Seminary's title to the property had ceased, and that Melissa B. Lamon, Laura D. Mott and Mary Lamon were each seized of an undivided one-third thereof, and that partition be made between them. The

Danville Seminary appealed from that decree to this court, and we affirmed the decree. *Danville Seminary* v. *Mott et al.*, 136 Ill. 289. On the argument of that appeal in this court counsel for the appellant objected, among other things, that it was shown by the evidence recited *supra*, that the deed of Mrs. Lamon to Laura D. Mott and Mary Lamon was made merely for the purpose of applying for a partition and thereby giving jurisdiction to a court of equity; but we answered the objection thus: "It may be true, that when Mrs. Lamon made the deed she had in contemplation the beginning of the partition suit. But she did not thereby commit any fraud upon the jurisdiction of the court. It is true, that her daughters paid her no money, nor agreed to pay her any money, for the one-third interest deeded to them, but natural affection is a good consideration for a deed. She had a right to give her daughters a part of the land, and there is no evidence that the conveyance was not a gift. It is not proven that the complainants were not the equitable owners, as well as the legal grantees, of one-third of the land. There is nothing to show that there was any arrangement by which they were to hold the one-third interest in trust for their mother, or to deed it back to her. * * * Mrs. Lamon filed no answer, but suffered a default, and the court below found the complainants to be the owners, each of one-sixth of the land, and appointed commissioners to apportion their interests. By the deed from their mother they became tenants in common with her, and, under the statute, had a right to compel partition by bill in chancery."

There, as here, there was no real controversy between the tenants in common, but the real controversy was between all of the tenants in common on the one side and the holder of the adverse title on the other. And, also, there, as here, the questions in regard to the adverse title were of a purely legal character, which a court of equity would not take cognizance of on a bill filed solely for the purpose of determining them.

Our statute provides, that "when land is held in joint tenancy, tenancy in common, or coparcenary, whether such right or title is derived by purchase, devise or descent, or whether any or all of the claimants are minors or of full age, any one or more of the persons interested therein may compel a partition thereof by bill in chancery, as heretofore, or by petition in the Circuit Court or Superior Court of said county." (R. S. 1874, ch. 106, sec. 1.)

And the fifth section of the same act requires that "the petition shall particularly describe the premises sought to be divided, and shall set forth the interests of all the parties interested therein, so far as the same are known to the petitioners, including tenants for years, for life, by curtesy or in dower, and of all persons entitled to the reversion, remainder or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficiary interest in the premises, so far as the same are known to the petitioners, and shall pray for the division and partition of the premises," etc.

And this is all that is required to be alleged or proved. There is no provision requiring that the parties shall be unable to agree between themselves in regard to the partition, as a condition precedent to the court taking jurisdiction in that respect. The right to have partition decreed between the parties is an absolute right, resulting from the mere existence of the relations of joint tenants, tenants in common, parceners, etc.; and so it has been elsewhere held under similar statutes. *Lake et al.* v. *Jarrett et al.*, 12 Ind. 395; *Willard* v. *Willard*, 6 Mackey, 559; *Bradley* v. *Harkness*, 26 Cal. 77.

Being entitled to have partition decreed, it is no more a question for the court what motive may have moved the party to ask the court to render such decree, than it is what motive moves a party to ask for judgment on an over-due note. In the latter case, as in the former, it might be that it could be adjusted without the aid of the court.

In any view, the question only concerns the parties between whom partition is to be made. In all cases where a person has a cloud upon the title of joint tenants, tenants in common, or of parceners, he is, under the 39th section of the partition act, liable to have it removed by decree of a court of equity, whenever, at the instance of either of them, the court shall decree partition between them. Having no legal or equitable right to the property, he can have no interest in the question of when, or how, or why, partition shall be made between them.

The court can not be asked to decree in such case upon a mere colorable jurisdiction, as for instance, in a case where the relation of joint tenants, tenants in common or coparceners, does not actually exist. But there is no question here but that the relation of tenants in common exists between Eliza A. and William P. Greenough. There is not a particle of evidence in this record that tends, in however slight degree, to impeach the good faith of the conveyance from Eliza A. Greenough to William P. Greenough. It is true, it was voluntary, but no one questions that the affection of a mother for her son is a good consideration for a deed. It can not concern this appellant that Eliza A. Greenough preferred giving William P. Greenough an undivided interest rather than a specific part of this property, since he shows no legal or equitable right to any part of it. Even if that had been done, for the express purpose of having this suit brought (but there is here no proof of that kind), on the authority of *Danville Seminary* v. *Mott, supra,* he could not object to it. The decree of the Superior Court is affirmed.

*Decree affirmed.*