(No. 20476.—

DOLLIE MARTIN, Appellee, *vs.* CHARLES KARR *et al.*
Appellants.

*Opinion filed February 18, 1931—Rehearing denied April 10, 1931.*

SCHNEIDER & SCHNEIDER, for appellants.

DOBBINS & DOBBINS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case involves the fee simple title to a one-fourth part of 408 acres of farm land in Champaign county, and is the sixth time the property, as a part of the estate of Josephus O. Martin, deceased, has been in litigation in this court. The five cases previously considered are entitled *Stephens* v. *Collison,* and are reported in 249 Ill. 225, 256 id. 238, 274 id. 389, 313 id. 365, and 330 id. 48.

The 408 acres of land originally belonged to Josephus O. Martin, of Paxton, Illinois, who died in January, 1909.

During his lifetime he accumulated a large estate, consisting of several hundred acres of farm land in Champaign county, other real estate, and several thousand dollars in money and other personal property. He left surviving him his second wife, Hannah J. Martin, his children, Emma B. Collison, Mary E. Collison, Nancy Stephens and Josephus W. Martin, and his grandchildren, Effie Ireland, Walter Karr, Edna Duncan and Charles Karr, the children of his deceased daughter, as his only heirs-at-law. On January 11, 1906, Josephus O. and his wife executed a deed to his son, Josephus W., conveying to him for life the 408 acres of land here involved, with remainder to the legitimate children of the grantee or the descendants of such children, and if there were no legitimate living children or their descendants at the death of the grantee the property was to go to two of the grantor's daughters and four grandchildren, one-third to Mary, one-third to Emma and one-third to the four named grandchildren, who were the children of his deceased daughter. The grantor reserved to himself a life estate in the property. On the same day the deed was executed the grantor made a will confirming the deed he had made to his son and also devising to various of his children other real estate which he owned. The will made no specific devise of the reversion in the 408 acres conveyed and confirmed to his son, but a residuary clause in the will provided that all the remainder and residue of testator's estate not specifically devised should go, to his son a one-fourth part, to each of the two daughters named in the deed a one-fourth part, and to the four named grandchildren, the children of a deceased daughter, a one-fourth part, subject to a naked trust and power of sale given to testator's executors.

In a former case in this court it was held that Josephus W. under the deed from his father took a life estate in the 408 acres of land with a remainder to his legitimate children or their descendants, if any, and if he left no legitimate living children or descendants of such chil-

dren then the land was to go to the grantor's two daughters named in the deed and the four named children of his deceased daughter. June 7, 1920, Josephus W. and his wife executed a warranty deed to Oliver B. Dobbins for the property, which deed stated that it was made "for the express purpose of barring any contingent remainder" in any person or persons under and by virtue of the conveyance made to Josephus W. by his father. On June 14, 1920, Dobbins and wife executed and acknowledged a quit-claim deed conveying back to Josephus W. the same land. These two deeds were recorded in the recorder's office of Champaign county on June 17, 1921. Thereafter, in May, 1928, Josephus W. conveyed an undivided one-fourth interest in the 408 acres of land to his wife, Dollie, and this deed was recorded May 17, 1928. Dollie then filed the bill in this case against her husband and other heirs and devisees of Josephus O. for partition, claiming that she was the owner, as tenant in common, of an undivided one-fourth interest in fee in the land. The original bill was filed to the September term, 1928, of the circuit court of Champaign county and an amended bill was filed at the April term, 1929. The amended bill alleged that by the making of the deed and the will by Josephus O. his son, Josephus W., became seized of an estate for life in the 408 acres of land with a contingent remainder to the heirs of his body, but if he left no legitimate heirs of his body or their descendants living, then with a further contingent remainder to the grantor's two daughters, Emma and Mary, and his four grandchildren, the children of a deceased daughter, and that, pending the determination of the first contingency as to whether or not Josephus W. should die leaving legitimate living children or their descendants, the fee of said real estate, subject to the life estate in the son, was, under the residuary clause of the will of Josephus O., vested in his heirs, Josephus W. having an undivided one-fourth part, the daughter Mary having a one-fourth part, the daughter Emma

having a one-fourth part, and the four grandchildren or their descendants, who were the children of a deceased daughter, owning a one-fourth part, as tenants in common. The bill alleged that Joseph W. is childless and has never had any legitimate heirs of his body born to him; that complainant had been his wife for more than thirty years, and that it became necessary for her to submit to an operation whereby it was made impossible that any children should ever be born to them as a result of their marriage. The bill also alleged the making of the deed by Josephus W. and wife to Dobbins for the express purpose of destroying and barring any contingent remainders in any person or persons in the land, the making of the deed from Dobbins and wife to Josephus W. whereby the grantee became vested with the fee simple title to an undivided one-fourth of the land, and the making of the deed by Josephus W. to his wife, the complainant, conveying to her his undivided one-fourth interest in the premises. The bill further alleged that complainant is now the owner, as tenant in common, of an undivided one-fourth interest in fee in the 408 acres of land; that Josephus W. is now the owner of an undivided three-fourths interest in the 408 acres as tenant for life, with a contingent remainder over in the undivided three-fourths to the legitimate heirs of his body should any such legitimate heirs of his body survive him, and subject also to a further contingent remainder over in the undivided three-fourths, if no such legitimate heirs of his body survive him, to the persons named and in the respective shares mentioned in the original deed to Josephus W. from his father. There were other allegations in the bill, and the prayer was that a partition and division of the premises be made.

A demurrer to the bill was overruled, and defendants other than Josephus W. answered denying the material allegations of the bill; denying that the deed made by Josephus W. to Dobbins destroyed any contingent remainders in the land and that the conveyance to complainant vested

her with any title. The answer also averred that the deed executed by Josephus O. and his wife on January 11, 1906, created a vested remainder in the remaindermen named, and that complainant was estopped from claiming anything under the deed from her husband. The answer also denied that the deed from Dobbins and wife to Josephus W. was ever delivered to him and averred it had no effect to convey anything.

The cause was referred to a master in chancery to take the proof and report his conclusions of law and fact, and upon his report and recommendation a decree was entered finding the facts substantially in accordance with the allegations set forth in the amended bill, and finding that the contingent remainders in one-fourth of the land were destroyed by the deed of Josephus W. and wife to Oliver B. Dobbins; that complainant by the deed from her husband is now the owner, as tenant in common, of an undivided one-fourth interest in fee in the land, and that Josephus W. is now the owner of an undivided three-fourths interest in the land as tenant for life, with a contingent remainder over in said three-fourths to the legitimate heirs of his body should any such legitimate heirs of his body survive him, and if none such survive him, then subject to a further contingent remainder over to Josephus O.'s two daughters, Mary a one-third part, Emma a one-third part, and a one-third part to his four named grandchildren or their descendants, who are the children of testator's deceased daughter. Partition and division of the premises were ordered by the decree.

The real question involved in this case is, Were the remainders destructible and were they destroyed? There can hardly be any doubt that the remainders in the 408 acres of land were contingent remainders, and neither the will nor the deed made any specific disposition of the reversion in the 408 acres of land in the event of the failure of the contingencies upon which the remainders would vest. The

residuary clause of Josephus O. Martin's will provided, subject to a naked trust and power of sale in the executors, which was never carried out or the power executed except with reference to property specifically mentioned in the will, that the remainder and residue of testator's estate was to go, to his son, Josephus W., one-fourth, to his daughter Mary one-fourth, to his daughter Emma one-fourth, and one-fourth to the Karr grandchildren, who were the children of testator's deceased daughter. The reversion in fee was carried by and included within the terms of the residuary clause of the will. The remainder was first to vest in the legitimate living children, or their descendants, of Josephus W., and if at his death he had no legitimate living children or descendants of such, then the property was to go to the grantor's two named daughters and the Karr grandchildren, who were the children of his deceased daughter. By the deed of Josephus W. and wife to Oliver B. Dobbins the contingent remainders were destroyed, and by the deed from Dobbins and wife to Josephus W. the latter became seized in fee simple of a one-fourth interest in the premises, which he conveyed to his wife. That vested in her the fee simple title to an undivided one-fourth of the land and she was entitled to partition. (*Danville Seminary* v. *Mott*, 136 Ill. 289; *Betz* v. *Farling*, 274 id. 107; *Wood* v. *Chase*, 327 id. 91.) The act which abolished the defeat of future interests was passed July 2, 1921. The last of the deeds involved in this destruction of contingent remainders was recorded June 17, 1921. The statute passed July 2, 1921, had no retroactive effect, (*Edmiston* v. *Donovan*, 300 Ill. 521,) and Josephus W. had the right to execute the deed destroying the contingent remainders.

The answer denies the deeds from Martin to Dobbins and from Dobbins to Martin were delivered, but no evidence was introduced on that subject except the recording of the deeds. The master found that the deed from Martin and wife to Dobbins and the deed from Dobbins and wife back

to Martin conveyed the premises, and we do not find that any objections or exceptions were filed to that finding. We do not think there is any estoppel in this case attributable to complainant, as in the former cases Josephus W. had assumed no inconsistent position with relation to the title to the land. In those cases he claimed all of the 408 acres instead of only a part. 21 Corpus Juris, 1229-1232; 2 Pomeroy's Eq. Jur. sec. 812.

The decree was in accordance with the law, and it is affirmed.

*Decree affirmed.*