L. L. McArthur, Jr., Appellee, v. William C. Weidert et al., Defendants. Roy D. Keehn, Appellant.

Gen. No. 41,638.

Opinion filed June 9, 1941. Rehearing denied June 23, 1941.

W. M. KEELEY, of Chicago, for appellant.

PAM, HURD & REICHMANN, of Chicago, for appellee; ARTHUR M. COX and LESTER G. BRITTON, both of Chicago, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff filed his complaint asking for partition of certain real estate situated at 300-308 N. Michigan avenue, in Chicago, Cook county, Illinois; answers were filed by certain defendants, the matter was referred to a master who reported, recommending a decree as prayed for, exceptions were overruled and

the decree was entered. Defendant Roy D. Keehn appealed to the Supreme Court, which held that no freehold was involved and transferred the cause to this court. (375 Ill. 212.)

Keehn asks for the reversal of the decree, which partitioned the real estate and found that he had defaulted in his undertaking in a 99-year lease in which he was lessee, and removed it as a cloud. Although the briefs discuss at some length the action of the trial court in striking certain paragraphs of defendant's answer, we do not deem it necessary to discuss this for the reason that the main issue in the case remained and was considered and determined. Did the superior court have jurisdiction of the proceedings to partition the real estate?

Defendant Keehn argues that the court lacked jurisdiction for the reason that the interests of plaintiff McArthur and the first defendant, Weidert, were only nominal—the real owner being the Northern Trust Company, as trustee, and that the action was brought in partition only for the purpose of removing Keehn's interest as a cloud upon the title.

The complaint alleged that plaintiff was seized and possessed of the title to an undivided one half of the real estate; that this interest was acquired by virtue of a quitclaim deed to plaintiff from defendant William C. Weidert, who was seized and possessed of the title to the remaining undivided one half of the real estate, and that plaintiff and Weidert owned the title as tenants in common. Defendant Keehn answered, certain paragraphs of which were stricken, but there was left paragraph 1, in which he denied the allegations with reference to the ownership of McArthur and Weidert as alleged in the complaint.

On the hearing before the master defendant Keehn introduced no testimony, his position being that plaintiff's evidence failed to show the facts necessary to support partition proceedings; that the statute on

partition (ch. 106, § 1) states the interests which must exist before a partition proceeding may be commenced, namely, when lands are held in joint tenancy, tenancy in common or coparcenary. He argues that neither McArthur nor Weidert owned the property in either of these capacities; that Weidert was the acting agent for the Northern Trust Company, as trustee, which was the owner of the property and quitclaimed one-half interest to one of its officials, plaintiff McArthur, for the sole purpose of bringing this partition suit.

To support his position plaintiff introduced a number of documents; among others was a 99-year lease from David C. Cook, lessor, to defendant Keehn, lessee, dated August 30, 1922; also the will of David C. Cook, deceased, owner of the property, and the order admitting it to probate; a complaint in a foreclosure proceeding by the Northern Trust Company, trustee under a trust agreement executed by the heirs of David C. Cook, to foreclose a trust deed executed by Margaret Cook, widow, and the owners of the premises to secure an indebtedness of $318,500; also the sworn answer of Keehn in that proceeding in which he asserted the 99-year lease to him and all obligations thereunder were canceled and terminated; the decree of foreclosure, the sale by the master to the plaintiffs in that suit, who were the holders of the mortgage notes; the mandate of the Appellate Court upon the appeal of Keehn from the foreclosure decree (294 Ill. App. 601); the master's certificate of sale to the plaintiffs in that suit, who assigned it to defendant Weidert, who, upon expiration of the period of redemption obtained and recorded the master's deed; a deed from Weidert to plaintiff McArthur dated June 8, 1938, conveying an undivided one-half interest in the premises. These documents received in evidence establish a chain of title from David C. Cook to plaintiff McArthur and defendant Weidert as tenants in common, each of an undivided one-half interest. Whatever interest de-

fendant Keehn has is through his lease from David C. Cook.

Defendant Keehn introduced no evidence before the master to controvert the evidence of plaintiff as to the title, and his brief makes no argument on the question of the title; in the opinion by the Supreme Court transferring the case to this court it was said that he stated the title to the property was not in issue but "the issue is solely of jurisdiction of the court." We do not understand how the jurisdiction of the court can be questioned without giving consideration to the title.

The statute on partition (ch. 106, § 1) says clearly that tenants in common of land may compel partition by complaint in chancery. The documents introduced by plaintiff create a tenancy in common between plaintiff McArthur and Weidert. Defendant cannot question this by statements of fact appearing only in his brief and not in the record, nor by arguments based only on surmise.

It is true it has been held many times that where the record shows the lands were not held in joint tenancy, tenancy in common or coparcenary, partition proceedings would not lie. Defendant cites *Reynolds v. McCurry,* 100 Ill. 356, but there it was held the partition proceeding was improper where the title was vested in only one party. *Ruddell v. Wren,* 208 Ill. 508, involved the construction of a will upon which the title depended and it was held plaintiff had no title and therefore could not partition. In *McConnell v. Pierce,* 210 Ill. 627, it was held the evidence showed that the entire title was vested in plaintiff. Other cases cited by defendant can likewise be distinguished.

As supporting plaintiff's position we find *Albers v. Central Republic Bank,* 372 Ill. 27, where a receiver of Phillips State Bank filed a suit for partition claiming he owned a half interest as tenant in common with the defendant Eva A. Taft; her husband answered asserting she had no interest in the property but that the

ownership was entirely in the bank. It was held that the husband, John H. Taft, had no interest which would entitle him to object and the partition suit was allowed. In *Hazlett v. Moore,* 372 Ill. 192, where the right to partition was questioned on the ground the parties had only an equitable interest in the property, it was held that the remedy by partition was open to equitable owners although the title was in a trustee. In *Trainor v. Greenough,* 145 Ill. 543, the holder of the legal title made a deed to her son of an undivided one-fourth; a bill was filed for partition of the property and to set aside the claim of Trainor, who was in actual possession of the property, claiming to have a contract for its purchase; Trainor argued that the conveyance to the son was a sham conveyance made only for the purpose of enabling plaintiff to file a complaint for partition. This is the same argument made in the instant case. The court said (p. 549): "Being entitled to have partition decreed, it is no more a question for the court what motive may have moved the party to ask the court to render such decree, than it is what motive moves a party to ask for judgment on an over-due note." And (p. 550) even if the conveyance to the son was "for the express purpose of having this suit brought (but there is here no proof of that kind), on the authority of *Danville Seminary v. Mott.* (136 Ill. 289) he (Trainor) could not object to it." And the decree of partition was affirmed. To the same effect is the *Danville Seminary* case just referred to. In *Camp Phosphate Co. v. Anderson,* 48 Fla. 226, in a partition suit it was asserted that the plaintiff had no legal interest in the property and the title to it was in another company. The partition suit was sustained, the court holding that the objecting defendant could not set up an outstanding title in a third party under which it did not claim. In *Yedor v. Chicago City Bank & Trust Co.,* 376 Ill. 121, it was asserted that plaintiff had no right to bring a partition suit as

she did not have legal or equitable title to the property and her only interest was in the income. The opinion, after noting that to entitle anyone interested in land to bring a partition suit he must hold either in joint tenancy, tenancy in common or coparcenary, says on page 128, " . . . but where a case is fairly brought within the law authorizing such a suit, partition is a matter of right and not one of grace. (*Murphy v. Murphy,* 343 Ill. 234; *Hill v. Reno,* 112 id. 154.) The motives which move a party to seek partition are immaterial. (*Trainor v. Greenough,* 145 Ill. 543.) The rule is well settled that in cases such as this partition is maintainable by the holder of an equitable estate as well as by the holder of a legal estate."

We hold the record justified the conclusions of the master and the chancellor that plaintiff McArthur and defendant Weidert held title to the property in question as tenants in common, and hence under the statute on partition the chancery court had jurisdiction to entertain the complaint for a partition.

Another reason for holding against the contention of defendant Keehn is that he never asserted what interest, if any, he claimed to have in the property. The evidence with reference to his 99-year lease was his sworn answer in the foreclosure proceeding in which he asserted his lease had been canceled. In *Shippert v. Shippert,* 371 Ill. 267, 271, it was held that any defendant in a partition proceeding wishing to assert an interest in the premises must make known his rights and that he is bound to do this. The record is free of any assertion of defendant Keehn's interest in the premises. The complaint alleged that the 99-year lease to Keehn called for an annual rental of $55,000, commencing January 1, 1933. No rent has been paid since 1934. It also provided that the lessee should pay all taxes and assessments. At the time the partition complaint was filed the defaulted taxes amounted to over $250,000, without interest and penalties. The lease also provided that default in payment

of any installment of rent for 30 days should, without notice or demand, entitle the lessor to terminate the lease. The complaint alleged that an instalment of rent under the lease amounting to $13,750, due April 1, 1938, was in default and that Weidert served notice of cancellation of the lease and thereupon said lease terminated. There is no specific denial of these allegations. He has shown no interest in the property, and he cannot question the allegations of the complaint that plaintiff and defendant Weidert have title to the premises as tenants in common. The briefs now considered by us are the same briefs filed in the Supreme Court, and in the opinion by that court in this case it is noted that defendant Keehn "does not complain of the loss of his leasehold interest." That being true, he has no standing to question the jurisdiction of the court in the instant case.

Defendant Keehn filed certain interrogatories to be propounded to plaintiff which, on motion, were stricken by the court. These relate to whether or not plaintiff McArthur paid any consideration for the deed to him and whether there are some equitable interests in the premises outstanding in others, and also as to the motive or purpose of the conveyance from Weidert to McArthur. The court properly sustained the motion to strike these interrogatories. As we have above noted, whether plaintiff gave any consideration for the deed to him is immaterial, as is the motive for the conveyance. See *Trainor v. Greenough,* 145 Ill. 543, where it was held that even if the conveyance was made for the express purpose of bringing a partition suit, the objecting defendant had no standing to object. We repeat that since defendant Keehn has failed to show he has any interest in the premises, all his objections were properly overruled.

For the reasons above indicated the decree of partition is affirmed.

*Decree affirmed.*

O'Connor, P. J., and Matchett, J., concur.