*In re* MARRIAGE OF PAMELA SUE SISK, Petitioner-Appellee, and WAYNE EDWARD SISK, Respondent-Appellant.

Fourth District    No. 4—93—0501

Opinion filed March 18, 1994.—Rehearing denied April 20, 1994.

STEIGMANN, J., dissenting.

Lori S. Cowdrey and Charles J. Gramlich, both of Gramlich Law Offices, P.C., of Springfield, for appellant.

Nolan Lipsky, of Petersburg, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal from a dismissal for untimeliness of respondent's post-trial motion for reconsideration filed pursuant to a judgment of dissolution of marriage. Necessarily, the question of the timeliness of the post-trial motion affects the jurisdiction of this court to entertain this appeal pursuant to Supreme Court Rule 303 (134 Ill. 2d R. 303). If the post-trial motion was untimely, the appeal taken from the court's order of dismissal was also untimely.

On December 8, 1992, the circuit court of Menard County entered a memorandum order respecting custody, child support, and property division in the proceeding for dissolution of the marriage of the

parties. The memorandum awarded custody of the minor children to petitioner and set visitation for the husband, stating, "A specific schedule of holiday visitation." The order directed that petitioner's counsel prepare a formal judgment of dissolution, including a specific schedule of holiday visitation. On February 8, 1993, in conformance with a draft order prepared by petitioner's counsel, the court entered a judgment of dissolution awarding petitioner custody of the minor children and providing, *inter alia*, for respondent to have holiday visitation on Easter, Independence Day, and Thanksgiving Day in odd-numbered years and on Memorial Day, Labor Day, and Christmas Day in even-numbered years, as well as alternate weekend visitation and two weeks' visitation during the summer. The judgment also provided for the division of marital property and debts, child support, and payment of past and future medical expenses of the children.

Respondent contends he did not receive a copy of the proposed judgment until February 8, 1993, the date it was entered, although he agrees petitioner's counsel mailed the judgment to him under a cover letter dated February 4, 1993. This letter is not filed of record. According to respondent, this letter advised that any problems with the language of the judgment should be called to the trial judge's attention. On February 8, 1993, respondent's counsel asserts he mailed a letter to the court requesting inclusion of a provision in the judgment for visitation with the children on Christmas Eve in odd-numbered years. Again, this letter is not filed of record, although the court acknowledged receipt of correspondence from respondent's counsel concerning Christmas Eve visitation.

On March 3, 1993, at a hearing in a different case when both counsel were present, the court raised the matter of the correspondence from respondent's counsel. Petitioner's counsel indicated he had no objection to including visitation on Christmas Eve in odd-numbered years. That same day, an amended order was entered. This order did not restate the content of the February 8 judgment, but provided only:

> "During odd numbered years, the [respondent] shall be allowed to visit with the minor children on Christmas Eve from 9:00 a.m. to 7:00 p.m.; during even numbered years, the [petitioner] shall retain custody of the minor children on Christmas Eve."

This inclusion was not inconsistent with any provision of the judgment.

On March 29, 1993, respondent filed a motion for reconsideration of the judgment of dissolution entered February 8, 1993, and the amended order of March 3, 1993. The petition sought reconsideration of custody, valuation and distribution of the Divernon residence,

allocation of respondent's workers' compensation benefits and distribution of the major assets of the parties. The motion did not request any relief respecting the amended order. Following a hearing, the court dismissed the motion, finding it was not timely filed within 30 days of the judgment pursuant to section 2—1203 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203). The court found that the judgment of February 8, 1993, was a final order which disposed of all the issues before the court and the amended order of March 3, 1993, was an agreed-upon accommodation to respondent and not the result of an inadvertent omission or oversight in the February 8, 1993, judgment. The court also noted the amended order did not result from any post-trial motion filed by respondent and did not affect the finality of the February 8, 1993, judgment.

When the judgment was entered February 8, 1993, there was a final appealable order. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.) The judgment disposed of all issues as directed by the trial court in its memorandum order of December 8, 1992. Either party to the proceeding could attack the February 8 judgment by appealing or filing a post-trial motion. The record is silent as to any pleading being filed until respondent filed a motion for reconsideration March 29, 1993.

Section 2—1203 of the Code provides for motions after judgment in nonjury cases. The trial court determined section 2—1203 was not complied with. That issue is before this court. This court, however, also considers the provisions of Supreme Court Rule 303 in determining the timeliness of the appeal. Supreme Court Rule 303(a)(1) (134 Ill. 2d R. 303(a)(1)) requires in part that "a timely post-trial motion directed against the judgment" *be filed* in order to extend the 30-day period for filing an appeal. No pleading of any type was filed and as mentioned heretofore, not even the purported letter referred to by the trial court or counsel is in the record.

Respondent posits that the amended order, rather than the judgment of dissolution, was the final order which terminated the litigation between the parties because the judgment did not dispose of all the issues litigated, *i.e.*, Christmas Eve visitation with the children in odd-numbered years. Respondent concludes that since the March 3, 1993, amended order addressed the "unresolved issue" of visitation on Christmas Eve, it "materially changed" the judgment and became the final order of the case; therefore, his motion for reconsideration was timely filed on March 29, 1993.

Petitioner argues that the judgment of dissolution entered on February 8 complied with the court's memorandum order of December 8, 1992, and resolved all matters addressed therein,

including provisions for specific holiday visitation. Petitioner asserts that the mere fact that an agreed amended order was entered as an accommodation to respondent and without the filing of a post-trial motion does not stay the running of the statutory 30-day period for the filing of post-trial motions from the date of final judgment on February 8, 1993.

There is no evidence that the matter of visitation on Christmas Eve was ever brought to the attention of either the court or petitioner following submission of the court's memorandum order of December 8, 1992 (until respondent's letter), let alone that the issue was litigated between the parties. Counsel for petitioner advised the court that he contacted respondent's counsel following entry of the memorandum order to obtain information on preferences for holiday visitation but received no response. He then drafted the judgment to comport with the memorandum order. Respondent filed no post-trial motion seeking relief from the judgment within the statutory 30-day period and he concedes his correspondence to the court on February 8, 1993, did not constitute a post-trial motion.

■ In *Beck v. Stepp* (1991), 144 Ill. 2d 232, 240-41, 579 N.E.2d 824, 828-29, the supreme court addressed post-judgment procedures, stating:

> "A post-judgment motion must include a request for at least one of the forms of relief specified in section 2—1203. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 461; *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 136.) In addition, a post-judgment motion must allege grounds that would warrant the granting of the relief requested. (*Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 347.) Finally, a post-judgment motion must be filed with the clerk of the court, and copies of the motion must be served upon all parties. (134 Ill. 2d R. 104(b).) Applying these criteria to the case before us, we conclude that counsel's letter to the trial judge failed in all material respects to qualify as a post-judgment motion.

> \* \* \*

> A post-judgment motion 'shall be filed with the clerk' of the court with a certificate of counsel or other proof that copies have been served on all parties (134 Ill. 2d R. 104(b)). Counsel did not file the letter in the circuit clerk's office but instead mailed it directly to the trial judge at his chambers. A post-judgment motion must also be served on the parties involved in litigation. Here, plaintiff did not formally serve defendant with a copy of the letter, but simply mailed the defense attorneys a copy of it."

■ Even assuming *arguendo* that the court's action may be viewed

as *sua sponte* in this case, we reject respondent's claim that the 30-day period for filing post-trial motions was thereby extended. The March 3 order does not amount to a new judgment prom0pting the running of a new 30-day period. It amended the judgment only to the extent of incorporating an agreed additional visitation day for respondent every other year and had no material effect on the rights of the parties or the provisions of the February 8 judgment. See 49 C.J.S. *Judgments* § 263, at 476-77 (1947).

The order of March 3, 1993, did not qualify as a *nunc pro tunc* order. The trial judge did not enter the order *nunc pro tunc* and there is nothing in the record to support a conclusion the trial judge made a mistake when she entered the February 8 judgment. See *Beck*, 144 Ill. 2d at 238, 579 N.E.2d at 827.

If we treat the respondent's actions as a request to modify the judgment, his appeal is not timely as to the February 8 judgment. If we treat it as a post-trial motion, his appeal is not timely as to the February 8 judgment under Supreme Court Rule 303(a)(2) (134 Ill. 2d R. 303(a)(2)). If we treat the trial court's order as a *sua sponte* action, his appeal is not timely as the March 3 order did not concern an ancillary unresolved issue. See *Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140.

In *Leopando*, the supreme court stated "until all of the ancillary issues are resolved, the petition for dissolution is not fully adjudicated." (*Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140.) Here, all ancillary issues had been resolved by the court's order of February 8, 1993. The relief granted by the court's order of March 3, 1993, did not extend the time for filing a post-trial motion attacking the February 8 order.

Respondent's failure to file a post-trial motion within 30 days of the February 8, 1993, judgment pursuant to section 2—1203 of the Code deprived the trial court of jurisdiction to entertain respondent's motion for reconsideration and it was properly dismissed.

Affirmed.

COOK, J., concurs.

JUSTICE STEIGMANN, dissenting:

I cannot agree with the conclusion that the appeal in this case is untimely. The rationale offered for this result transcends the notion of elevating form over substance; it creates substance where none exists and is as untenable in theory as it is in practice.

At the outset, it cannot be overlooked that virtually every signif-

icant document and occurrence upon which the majority relies is not substantiated by the record on appeal. The majority candidly admits that the correspondence between counsel is not included in the record. Moreover, the arguments in the briefs concerning the substance of communications between counsel and the court cannot be verified by any document or evidence contained in the record. It is error to consider documents which are not properly a part of the record (see *People v. Scudder Buick, Inc.* (1971), 47 Ill. 2d 388, 390-91, 266 N.E.2d 324, 325-26), just as it is to rely upon statements of fact and arguments based on surmise which appear only in the briefs on appeal. See *McArthur v. Weidert* (1941), 310 Ill. App. 504, 508, 34 N.E.2d 715, 717.

Quite apart from these irregularities, however, are the conclusions the majority reaches from these nonrecord facts. The long-standing precedent in this State is that a trial court has jurisdiction for a period of 30 days after entry of a final order or judgment to modify that judgment not only on timely motion of a party, but also *sua sponte*, in order to do justice between the parties. (*Welch v. Ro-Mark, Inc.* (1979), 79 Ill. App. 3d 652, 656, 398 N.E.2d 901, 904.) In *Krieger v. Krieger* (1906), 221 Ill. 479, 484, 77 N.E.2d 909, 911, the supreme court stated:

> "During the term at which a judgment or decree is entered the record remains in the breast of the court, and the court may, at any time during the term, amend it or set it aside on its own motion or for good cause shown, as justice and the right of the case may seem to require."

In this case, the court amended the February 8, 1993, judgment on March 3, 1993, when it added an additional provision concerning revised visitation rights. Whether that March 3, 1993, order was an agreed-upon accommodation to respondent or an inadvertent omission or oversight in the February 8, 1993, judgment is beside the point. The trial court had the inherent power to amend the judgment and, for all this record shows, that is precisely what it did.

Even if it were permissible to consider these nonrecord events, the majority's conclusion fares no better. The letter from respondent's counsel of February 8, 1993, to opposing counsel cannot rationally be considered a "post-trial motion." In the first instance, it was addressed to opposing counsel, rather than the court, although a copy of the letter was apparently sent to the court. In addition, it was sent prior to respondent's counsel's knowledge that the court had already entered the judgment.

The majority's additional, gratuitous argument that the March 3, 1993, amendment does not qualify as a *nunc pro tunc* order is correct,

as far as it goes. No party to this appeal has made that argument, and there is certainly nothing of record which would have justified the entry of such an order had that theory ever been presented on appeal.

Finally, the majority's reliance upon *Leopando* is clearly misplaced. The *Leopando* holding is that issues raised in a dissolution of marriage case are not separate claims and therefore are not appealable under Supreme Court Rule 304(a). (134 Ill. 2d R. 304(a).) This appeal does not concern the issue of whether there are separate claims. The amendment of an order concerning visitation is not a separate claim. The issue is the effect of the trial court's subsequent modification of an otherwise final judgment within 30 days following its entry.

That the trial court could have required the parties to address this matter by a formal post-trial motion and could have declined to enter the March 3, 1993, order in the absence of a formal pleading requesting such relief is without doubt. The point is that the trial court did not do so.

The informal communications in this case which apparently led to the trial court's decision to alter the judgment doubtlessly occur in any number of situations at the trial court level. They should not, however, be elevated to some form of exotic "under-the-table" post-trial motion practice as the majority has done. The principle that a trial judge has authority to modify an order within 30 days of its entry does not require that the court act in a vacuum without any external stimulus to prompt that decision.

In the absence of a claim that the court erred in entering the amended judgment, the issue of whether a post-trial motion is timely and proper should be judged by objective standards related to the timing of the motion and its subject matter. These issues should not be dependent upon or subject to appellate review because of subjective motivations which prompted the court to enter the underlying order in the first instance.

I dissent.